UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | William David Massey v. Belinda A. Chandler |
| **Case Number:** | 04-01080 |

## Document Information

| | |
|---|---|
| **Description:** | Findings of Fact and Conclusions of Law Re: [1-1] Complaint NOS 424 Objection To Discharge (727) and Objection to dischargeability of debt (523) . |
| **Received on:** | 2005-02-24 11:52:58.000 |
| **Date Filed:** | 2005-02-24 00:00:00.000 |
| **Date Entered On Docket:** | 2005-02-25 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    Belinda Chandler,
    Debtor.                                                     No. 7-04-11769 MS

William David Massey,
    Plaintiff,

v.                                                            Adv. Proc. No. 04-1080 M

Belinda A. Chandler,
    Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER is before the Court on the Complaint seeking to except certain debts from discharge pursuant to § 523(a)(15) of the Bankruptcy Code. A trial was held on January 20, 2005 at which time the Court took the matter under advisement. Upon review of the pleadings, evidence, arguments and applicable law, the Court concludes that the debts at issue are non-dischargeable and in connection therewith makes the following findings of fact and conclusions of law:

    1. The Defendant, Belinda A. Chandler (the "Defendant"), filed this Chapter 7 bankruptcy case on March 12, 2004.

    2. The Defendant and William David Massey (the "Plaintiff") were divorced on December 6, 2001 by Decree of Divorce (the "Divorce Decree") entered by the Family Division of the Second Judicial District Court of the State of Nevada, County of Washoe (the "Nevada proceeding"). The Plaintiff and the Defendant were awarded joint custody of their child and each waived the right to spousal support.

1

Case 04-01080-m    Doc 20    Filed 02/24/05    Entered 02/25/05 11:19:00 Page 2 of 9

3. In the Marital Settlement and Child Support Agreement (the "MSA"), incorporated into the Divorce Decree, the Defendant agreed to assume responsibility for a community debt to Greenpoint Credit Corp. (the "Greenpoint debt") and a community credit card debt to Capital One Bank (the "Capital One debt").

4. In the MSA the Plaintiff assumed responsibility for other community debts, agreed to pay monthly child support to the Defendant and agreed to provide medical insurance for their child. The Plaintiff is obligated to pay child support of $500.00 per month, which is reduced to $285.00 per month during times he is unemployed. The Plaintiff is a plumbing contractor who is often unemployed during the winter months.

5. In October of 2003, the Defendant defaulted on the Greenpoint debt. After repossession of its collateral, a mobile home, Greenpoint Credit Corp. asserted a deficiency claim in the amount of $40,185.64.

6. Greenpoint Credit Corp. attempted to collect the deficiency claim from the Plaintiff. After the Defendant filed this bankruptcy case, Plaintiff paid $6,388.62 to Greenpoint Credit Corp. to settle the claim against him.

7. The debt to Capital One is listed on the Defendant's Schedule F in the amount of $8,043.00.

8. Capital One has also contacted the Plaintiff seeking repayment of its debt.

9. In the Nevada proceeding, the Plaintiff has filed a motion for contempt against the Defendant for breach of the MSA. The Plaintiff filed a Motion for Relief From Stay to allow this proceeding to go forward. (Doc. 14)

2

Case 04-01080-m    Doc 20    Filed 02/24/05    Entered 02/25/05 11:19:00 Page 3 of 9

10. Defendant's total monthly income is listed as $3,289.33 on her Amended Schedule I, which states that $333.00 of the monthly income is from child support.

11. Defendant's Schedule J indicates that her expenditures are $3,585.27 per month. The Defendant has listed among her expenditures monthly charitable donations of $416.10.

12. The Plaintiff's current net income is $3,466.00 per month, and his expenses are approximately $3,200.00 per month. He is current on payments of child support and on the obligations that he assumed in the divorce.

Discussion

The Plaintiff seeks to have the amount he paid to settle the Greenpoint debt and the entire Capital One debt declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(15). Section 523(a)(15) provides,

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–
>> . . .
>> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless–
>>
>>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . .; or
>>>
>>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

Under this section the initial burden of proof falls on the Plaintiff who must prove that the debt is not for alimony, maintenance and support, which are non-dischargeable under § 523(a)(5), but was

3

incurred in the course of a divorce or separation. *Stone v. Stone (In re Stone)*, 199 B.R. 753, 783 (Bankr. N.D. Ala. 1996)(describing burdens of proof under § 523(a)(15)); *Hall v. Hall (In re Hall)*, 285 B.R. 485, 487-88 (Bankr. D. Kan. 2002)(same). If the Plaintiff meets this burden, the burden shifts to the Defendant who, to obtain discharge of the debt, must show either inability to pay the debt under § 523(a)(15)(A) or that the benefit of a discharge would outweigh the detrimental consequences to the Plaintiff under § 523(a)(15)(B). *Hall,* 285 B.R. at 487. The courts have analyzed the terminology in § 523(a)(15) as creating a rebuttable presumption that the divorce obligation is nondischargeable unless the Defendant proves one of the exceptions set forth in subsection (A) or (B) of Section 523(a)(15). *Slover v. Slover (In re Slover),* 191 B.R. 886, 891 (Bankr. E.D. Okla. 1991). In this case, the Plaintiff has established that the debts at issue were incurred in the course of a divorce and are thus governed by § 523(a)(15). Therefore, to obtain a discharge of these debts, the Defendant must show that she is entitled to discharge under one of the exceptions contained in subsections (A) or (B) of § 523(a)(15).

The Defendant argues that she has met this burden of proof. First, the Defendant argues that she is entitled to discharge under § 523(a)(15)(A) because she has proven her inability to pay the debts. She argues that as shown on her bankruptcy schedules, her expenses exceed her income. However, the appropriate time to assess ability to pay is at the time of trial, not the time the petition was filed. *See Johnson v. Johnson, (In re Johnson)*, 212 B.R. 662, 667 (Bankr. D. Kan. 1997)(finding appropriate time to determine ability to pay is time of trial). The Plaintiff testified that she currently works in the advertising department of a casino and her take-home pay is $900.00 to $920.00 per week, which is more than her income listed on her schedules. She asserts that her expenses have not

changed since the bankruptcy was filed. She testified that her monthly expenses are $700.00 rent, $770.00 car payment, $200.00 insurance, $250.00 tuition for the child's school, and $300.00-400.00 for other living expenses. Since the bankruptcy; however, the Defendant has remarried, and her husband receives a monthly social security disbursement. The Defendant testified that her husband's income only covers his expenses and tuition for his children. However, the Defendant also testified that her husband pays for the wood necessary to heat their home. The Defendant purchased a drum set for her husband by credit card and listed that debt in her bankruptcy schedules in the amount of $3,910.00. There is no evidence that leads the Court to conclude that the debt for the drum set will not be discharged. The Defendant testified that she receives approximately $500.00 per month in child support; however, the Plaintiff sometimes pays less child support to compensate for expenses during visitation time. The Defendant concluded that she receives from $4,000.00 to $4,700.00 per year in child support. Her car payment listed on Schedule J is for a high interest car loan; however, the car was surrendered in the bankruptcy. There is no evidence of the amount of her current car payment, if any. Her monthly expenses listed on Schedule J include $416.10 per month for charitable contributions.

When examining a Defendant's ability to pay, the Court may consider only those expenses reasonably necessary for maintenance or support. *See Dennison v. Hammond (In re Hammond)*, 236 B.R. 751, 767 (Bankr. D. Utah 1998)(discussing types of expenses that are not reasonably necessary for purposes of non-dischargeability under this section). Included in the Defendant's expenses on her schedules are charitable contributions of over $400.00 per month. This expense cannot be regarded as reasonably necessary for the Defendant's maintenance or support. *Id*.(finding

5

that charitable contributions are not reasonably necessary under § 523(a)(15)(A)).  Also, the Defendant has given the Court no information as to her current car payment, if any.   Moreover, since the bankruptcy, the Defendant has remarried, and her spouse's income is available to cover at least one of the household expenses.  The Court concludes, therefore, that the Defendant has some discretionary income available to pay the debts at issue. *See Hammond*, 236 B.R. at 767 (subtracting unnecessary expenses to find that debtor had discretionary income to pay debts assumed in divorce).  With these facts in mind, namely the Defendant's current income, the exclusion of the charitable contribution expense and the lack of current information as to the amount, if any, that the Defendant pays for a vehicle, the Court concludes that the Defendant has not proven her inability to pay as required for discharge § 523(a)(15)(A).  *See Stone,* 199 B.R. at 784 (finding that debtor failed to show inability to pay because the debtor included payments on a dischargeable debts in monthly expenses).

Alternatively, the Defendant argues that the under § 523(a)(15)(B) the debts should be discharged because the benefit of the discharge to the Defendant would outweigh the detrimental consequences of discharge to the Plaintiff.  In applying the exception in sub-section (B), the Court compares the benefits and burdens of discharge by reviewing the financial status of the Defendant and the Plaintiff and comparing their relative standards of living.  *Hart v. Molino (In re Molino)*, 225 B.R. 904, 908-9 (6th Cir. BAP 1998).  If after discharging the debt, the Defendant's standard of living will be greater than or approximately equal to the Plaintiff's standard of living, the debt should be excepted from discharge under § 523(a)(2)(B). *Id.*, citing *In re Smither*, 194 B.R. 102, 111 (Bankr. W.D. Ky. 1996).  However, if the Defendant's standard of living will fall materially below the Plaintiff's standard of living if the debt is not discharged, then the debt should be discharged under subsection (B).  *Id. See*

6

*Smither*, 194 B.R. at 111 (listing several factors to consider in balancing analysis) and *Jodoin v. Samayoa, (In re Jodoin)*, 209 B.R. 132,143 (9th Cir. BAP 1997)(finding that debtor failed to prove detriment outweighed benefit). The evidence presented does not establish that the benefit to the Defendant of discharging these debts would outweigh the detrimental consequence to the Plaintiff of a discharge. The evidence does not show that the Plaintiff would have a superior lifestyle than the Defendant if discharge is denied. The Defendant has not shown that the Plaintiff has more discretionary income left after expenses than the Defendant. And, the Defendant has not shown that she will be subject to a lower standard of living by paying these debts, especially when she is expecting to receive a discharge of over $25,000.00 in other unsecured debts and has not reaffirmed any debts. *See Molino*, 225 B.R. at 909 (excepting debt from discharge for failure of debtor to show lower standard of living than ex-spouse would result); and *Smither*, 194 B.R. at 112 (noting that this section was designed to prevent high or moderate income Defendants from undoing property settlements in bankruptcy). Therefore, these debts are non-dischargeable under this subsection as well. The amount that is nondischargeable is as follows: 1) the Greenpoint debt in the amount of $6,388.62; and 2) the amount of the Capital One debt that has been or will be actually paid by the Plaintiff.

     An appropriate judgment will be entered in accordance with these findings of fact and conclusions of law. Rule 7052, Fed.R.Bankr.P.

                                                   MARK B. McFEELEY
                                                   UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of

the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

William David Massey
535 Broadway, #2
Reno, NV 89502

Steven J. Clark
Attorney for Defendant
P.O. Box 1108
Peralta, NM 87042

*Ellen C. Snyder*

Ellen C. Snyder
Law Clerk

8